IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3-05-CR-0113-L(01) |
| | § | NO. 3-08-CV-1799-L |
| ANTHONY SALAZAR | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Anthony Salazar, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be summarily denied.

I.

Defendant pled guilty to one count of possession with intent to distribute approximately 155 grams of a mixture and substance containing more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). Punishment was assessed at 180 months confinement followed by supervised release for a period of five years. Although defendant waived his right to appeal as part of the plea agreement, he appealed his conviction and sentence. The appeal was dismissed as frivolous. *United States v. Salazar*, No. 07-10171 (5th Cir. Aug. 20, 2008). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In one broad ground for relief, defendant contends that his guilty plea was involuntary because his attorney promised a 10-year sentence if he pled guilty and defendant did not know he had waived his right to appeal as part of the plea agreement. Defendant also criticizes his lawyer for

failing to challenge the validity of a search warrant and for not raising certain sentencing issues on direct appeal.

A.

The central issue in this case involves the validity of defendant's waiver of his right to appeal. The Fifth Circuit has recognized the validity of such waivers if they are informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Here, the plea agreement provides, in pertinent part:

> Salazar waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Salazar, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Am. Plea Agr. at 4, ¶ 10). In his motion, defendant states that he pled guilty because his attorney, in effect, promised that his sentence would not exceed 10 years. Defendant further alleges that he did not know the plea agreement contained a waiver of appellate rights. These claims require an examination of defendant's guilty plea. *See United States v. Arballo-Marquez*, No. 3-02-CV-1352-D, 2002 WL 31553979 at *1 (N.D. Tex. Nov. 14, 2002), *COA denied*, No. 02-11400 (5th Cir. May 13, 2003).

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The defendant must "[have] a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709,

1712, 23 L.Ed.2d 274 (1969). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the requirements of Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

2.

The record establishes that the court properly admonished defendant in accordance with Rule 11. Before accepting his guilty plea, the judge had the prosecutor summarize the essential elements of the offense and informed defendant of the range of punishment. (*See* Rearrign. Tr. at 12, 14-15). Specifically, defendant was told that the maximum penalty for possession with intent to distribute a controlled substance, as alleged in Count 2 of the Indictment, is not less than 10 years nor more than life imprisonment, a fine not to exceed $4 million, or both. (*Id.* at 14). Defendant testified that he understood the range of punishment. (*Id.* at 15). With respect to his sentence, the judge cautioned defendant:

> You should never depend or rely on [a] statement or promise by anyone connected with law enforcement, the government, or anyone else as to what the penalty will be in your case. Should you decide to plead guilty--excuse me. Your plea of guilty must not be induced by promises, prejudices, threats, or coercion of any kind. A plea of guilty must be purely voluntary, and you should plead guilty only because you are guilty and for no other reason.

(*Id.* at 9). Defendant told the judge he understood that instruction. (*Id.*). Later in the hearing, the judge inquired whether anyone had made any promise or assurance to defendant in an effort to obtain his plea of guilty. (*Id.* at 14). Defendant responded, "No, sir." (*Id.*). The judge also reviewed the terms of the plea agreement with defendant, including the waiver of his right to appeal:

> THE COURT: You have waived your right to appeal or [ ] otherwise challenge your sentence. However, you retain the right to bring a direct appeal of the sentence that exceeds the statutory maximum, arithmetic errors, or challenge the voluntariness of the plea, or to bring a claim of ineffective assistance of counsel. Do you understand that you have the right to appeal or otherwise challenge your sentence?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you wish to waive those rights except in these limited circumstances?
>
> THE DEFENDANT: Yes, sir.

(*Id.* at 16). This sworn testimony carries a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

In a thinly-veiled attempt to avoid the clear language of the plea agreement and his prior testimony, defendant belatedly protests that his attorney misrepresented his potential sentence and never told him that he waived his right to appeal. Nothing in the record supports these self-serving, conclusory assertions. Consequently, the court determines that the plea agreement, including the waiver provision, should be upheld.

B.

Having found that defendant knowingly and voluntarily waived his right to appeal, the court has little difficulty in concluding that counsel was not ineffective for failing to raise certain issues on appeal. In an *Anders* brief filed with the Fifth Circuit,[1] counsel represented that the trial court had

---

[1] In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court established standards for an appointed attorney to withdraw from a frivolous appeal in a criminal case. After a "conscientious examination" of the case, the attorney must request permission to withdraw and submit a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 87 S.Ct. at 1400. The brief must isolate "possibly important issues" and must "furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Cordero*, 18 F.3d 1248, 1253 (5th Cir. 1994), *quoting United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir. 1976). After giving the defendant an opportunity to raise any additional points, the appeals court fully examines

complied with the requirements of Rule 11 and the applicable sentencing guidelines. After counsel sought and obtained leave to withdraw, defendant filed a *pro se* brief arguing that the trial court miscalculated his offense level and improperly determined his criminal history score. Neither error was of the type excepted from the waiver provision, and both claims were summarily rejected as frivolous by the appeals court. Nor does the plea agreement allow defendant to appeal his conviction on Fourth Amendment grounds. Under these circumstances, counsel was not ineffective for failing to challenge the validity of the search warrant and for not raising certain sentencing issues on direct appeal. *See Moreno-Arevalo v. United States*, No. 2-05-CV-0066-J, 2008 WL 763080 at *10 (N.D. Tex. Mar. 21, 2008) (counsel was not ineffective for filing an *Anders* brief where record failed to disclose any non-frivolous issue for appeal and petitioner was given an opportunity to file his own brief).

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to post-conviction relief. Accordingly, his motion to correct, vacate, or set aside sentence should be summarily denied. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

the record and decides whether the case is frivolous. *See Cordero*, 18 F.3d at 1253, *citing Anders*, 87 S.Ct. at 1399-1400.

DATED: October 15, 2008.

					/s/ Jeff Kaplan
					JEFF KAPLAN
					UNITED STATES MAGISTRATE JUDGE